UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RANDALL WILLIAM CHURCH CORNETT,<br><br>Plaintiff,<br><br>vs.<br><br>DONNA (MENTAL HEALTH), MENTAL HEALTH COUNSELOR AT MINNEHAHA COUNTY JAIL, INDIVIDUAL AND OFFICIAL CAPACITY; AND ANTHONY HELLAND, DIRECTOR OF OPERATIONS AT MINNEHAHA COUNTY JAIL, INDIVIDUAL AND OFFICIAL CAPACITY,<br><br>Defendants. | 4:25-CV-04162-ECS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SUBPOENA EVIDENCE (DOC. 11) |

Plaintiff, Randall William Church Cornett, an inmate at the Minnehaha County Jail, filed this pro se civil rights lawsuit. Doc. 1. This Court granted Cornett's motion for leave to proceed in forma pauperis and screened his complaint under 28 U.S.C. § 1915A. Doc. 7. Cornett's Fourteenth Amendment deliberate indifference claim against Donna, a mental health counselor at the Minnehaha County Jail, and Anthony Helland, the director of operations at the Minnehaha County Jail, in their individual capacities for money damages and official capacities for injunctive relief only survived § 1915A screening. Id. at 21. Defendants have answered, and the Court has issued a Rule 16 Scheduling Order. Docs. 12, 13. Cornett has filed a "Motion to Subpoena Evidence[.]" Doc. 11. Cornett seeks video footage of his suicide attempt on or about August 5 or August 6, 2025. Id. at 1; see also Doc. 1 (alleging that suicide became Cornett's

only option because his repeated requests for emergency mental health assistance were disregarded); Doc. 7 at 4 (stating that another inmate witnessed Cornett attempt suicide by hanging on or about August 5, 2025). Cornett also seeks copies of tickets and grievances sent to mental health during his incarceration at the Minnehaha County Jail. Doc. 11 at 1–2. In their response to Cornett's motion to subpoena evidence, Defendants stated that they have produced to Cornett the tickets and grievances he seeks. Doc. 14 at 1–3. Thus, to the extent that Cornett requests a subpoena to obtain documents that he has been provided, his motion is denied as moot. Defendants did not provide the video recording that Cornett seeks because "it is not in their custody or control." Id. at 1. Thus, the Court must determine whether Cornett's request for a subpoena demanding production of video footage of his August 2025 suicide attempt should be granted.

Federal Rule of Civil Procedure 45(a)(3) provides that the "clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service." Although attorneys authorized to practice in the District of South Dakota may issue and sign a subpoena, litigants proceeding pro se must request blank, signed subpoenas from the Clerk of Court. Id. Here, Cornett has not specifically requested that the Clerk issue a blank, signed subpoena for him to complete. See generally Doc. 11. Rather, Cornett seems to be requesting that the Clerk of Clerk issue a completed subpoenas duces tecum commanding production of the video footage he seeks. Id.

In general, Rule 45 does not permit a Court to consider whether a proposed subpoena duces tecum should be limited or narrowed or whether the subpoena may pose undue burden or expense on the non-party on whom the subpoena will be served. See generally Fed. R. Civ. P. 45. But some district courts in the Eighth Circuit require a pro se litigant proceeding in forma

pauperis to submit along with a request for the United States Marshals Service to serve a subpoena duces tecum a memorandum explaining how the specified documents or other information are relevant to the plaintiff's claims and why the plaintiff believes the person or entity to be subpoenaed has possession of the documents to assist the court in exercising its inherent supervisory power over in forma pauperis subpoenas. See, e.g., Lee v. Durbin, No. 4:22-CV-112 RLW, 2022 WL 4078869, at *1 (E.D. Mo. Sep. 6, 2022). A Court may exercise its inherent supervisory authority to protect the resources of the Court and the United States Marshals Service and to prevent harassment and undue expense of other parties and nonparties. Id. (citing Lloyd v. McKendree, 749 F.2d 705, 707 (11th Cir. 1985)). See also Jackson v. Brinker, No. IP 91-471-C, 1992 WL 404537, at *7 (S.D. Ind. Dec. 21, 1992) (stating that a court may refuse an indigent party's request to have the U.S. Marshals Service serve a subpoena duces tecum that is "frivolous, requests immaterial or unnecessary information, is unduly burdensome, . . . or is otherwise unreasonable or abusive of the court's process[.]").

Because this Court granted Cornett's motion for leave to proceed in forma pauperis, the United States Marshals Service must serve any subpoenas duces tecum that Cornett requests. 28 U.S.C. § 1915(d). Thus, it is prudent for the Court to consider whether the video Cornett requests is immaterial or unnecessary or whether there are any other reasons that the Minnehaha County Sheriff or the Warden of the Minnehaha County Jail should not be commanded to produce the video.

Cornett's surviving claims relate to the alleged denial of emergency mental health treatment that led to his attempted suicide. See Docs. 1, 7. There is no record evidence indicating that the remaining Defendants deny that Cornett attempted suicide on or about August 5, 2025. Rather, the issue, as the Court understands it, is whether the Defendants were

deliberately indifferent to Cornett's mental health needs prior to his suicide attempt. Accordingly, based on the information before the Court, it does not appear that video footage of Cornett's alleged suicide attempt is reasonably calculated to lead to the discovery of admissible evidence regarding the Defendants' alleged deliberate indifference to Cornett's mental health needs in the days and weeks preceding his suicide attempt. Further, Cornett remains incarcerated at the Minnehaha County Jail. Doc. 1 at 1; Doc. 2 at 1. The Court is concerned that producing video of a secure area of the jail to a current inmate may pose safety or security concerns. For these reasons, Cornett's motion to subpoena video footage of his August 5, 2025 suicide attempt is denied without prejudice. Based on the information available to the Court, the Court does not find that a video of his suicide attempt will assist Cornett in proving his pending claims against the remaining Defendants.

In conclusion, it is

ORDERED that Cornett's motion to subpoena evidence, Doc. 11, is denied. Cornett's request for tickets and grievances sent to mental health is moot. Cornett's request for video footage of his August 5, 2025 suicide attempt is not reasonably calculated to lead to discovery of admissible evidence relevant to his pending claims against the remaining Defendants.

DATED this 7 day of October, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE